**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4005**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MAUNWELL JAAVAR ERVIN,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:00-cr-00489-HMH-2)

_____

Submitted:  August 21, 2014   Decided:  August 28, 2014

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maunwell Jaavar Ervin appeals the district court's judgment revoking his supervised release and imposing a thirty-four-month term of imprisonment. Following our review pursuant to Anders v. California, 386 U.S. 738 (1967), we directed supplemental briefing on whether the district court adequately explained Ervin's sentence. For the reasons that follow, we affirm the revocation of Ervin's supervised release, vacate his sentence, and remand for resentencing.

Generally, we will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally and substantively unreasonable. Id. at 438. To be procedurally reasonable, the district court must, among other things, adequately explain the sentence and provide an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007).

Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal

2

quotation marks omitted).  An explanation of sentence upon revocation of supervised release "should . . . provide . . . assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before him, and also considered any potentially meritorious arguments raised by the parties with regard to sentencing."  United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

Here, the Government concedes that the district court neglected to address Ervin's request that his revocation sentence run concurrently with his undischarged state term of imprisonment.  Nor did the district court offer any other explanation for Ervin's sentence.  Accordingly, although we affirm the revocation of supervised release, we vacate Ervin's sentence and remand for resentencing.[*]  See Thompson, 595 F.3d at 547–48.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] By our disposition, we indicate no view as to the appropriate sentence to be imposed on remand.